Filed 4/28/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| MYRANDA ISABELLE DE LA CRUZ, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> MISSION HILLS SHOPPING CENTER LLC et al., <br><br> Defendants and Respondents. | B333182 <br><br> Los Angeles County <br> Super. Ct. No. 20STCV28647 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne Hwang, Judge.  Reversed and remanded.

Khorshidi Law Firm, Omid Khorshidi for Plaintiff and Appellant.

Law Offices of Kirk, Myers, Motooka & Flores, Marjorie Motooka; Greines, Martin, Stein & Richland, Cynthia E. Tobisman and John J. Metzidis for Defendants and Respondents.

———————————

Myranda De la Cruz tripped on a pothole in a Mission Hills shopping center parking lot.  An entity called Triwell Properties managed the shopping center. We refer to the shopping center and Triwell Properties together as Mission.  After De la Cruz sued, Mission moved for summary judgment in this *tort* case on the basis of a *contract*.  The contract was between Mission and De la Cruz's employer, which was a tenant in the shopping center.  The contract contained an exculpatory clause that relieved Mission from any liability for negligent or wrongful acts.  The motion did not explain why De la Cruz was bound by a contract she had not signed.  The trial court granted summary judgment.

This was error.  The usual rule is that you must agree to a contract to be bound by it.  (Civ. Code, § 1565.)  It was Mission's burden on summary judgment to explain why its motion had a legal basis.  (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 845, 849–850 (*Aguilar*).)  Mission failed to offer a winning theory, and the court erred in granting the motion.  We reach this conclusion on independent review.  (*Id*. at p. 860.)

Mission asserts De la Cruz forfeited this argument by failing to present it to the trial court.  De la Cruz's opposition to Mission's motion did not mention the parties to the contract excluded her.  We have discretion, however, to consider forfeited claims.  (*City of Clovis v. County of Fresno* (2014) 222 Cal.App.4th 1469, 1477.)  We exercise this discretion with considerable reluctance, for the forfeiture rule rests on sound principles.  But

2

this legal error was foundational, because contracts require assent.

Mission argues the question might involve factual issues. It argues that "it is conceivable" that De la Cruz might have contracted with her tenant employer to incorporate the contract between the employer and Mission. Or perhaps De la Cruz's conduct implied agreement with a contract she did not sign. When moving for summary judgment, however, it was Mission's burden to connect these speculative dots into a cogent line about why it was entitled to judgment as a matter of law. (*Aguilar, supra,* 25 Cal.4th at pp. 845, 849.) Mission failed in this endeavor.

## DISPOSITION

We reverse the judgment and award costs to Appellant. On remand, the trial court shall enter a new order denying Respondents' summary judgment motion.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.

3